## SUPREME COURT.

### THE VILLAGE OF COHOES agt. THE COHOES COMPANY.

Villages incorporated under the act of December 7, 1847, may raise a tax at *any time*, in conformity with the provisions of that act. Their assessors, within sixty days from the time the vote is taken to raise the tax, must complete and deliver their tax list. They are not limited to the 1st of May and September, in each year, in making the assessment, &c., as required under the general tax law.

*Rensselaer Special Term, Dec.* 1849.—This was a motion by the plaintiffs for judgment, on account of the frivolousness of the demurrer to the complaint. The facts stated in the complaint, and the grounds of demurrer, sufficiently appear in the opinion of the court.

J. K. PORTER, *for plaintiffs.*

S. G. HUNTINGTON, *for defendants.*

HARRIS, Justice.—This action was brought to recover of the defendants a village tax, assessed upon them, to the amount of $1440.10. The complaint alleges that the plaintiffs are a village, incorporated on the 3d of July, 1848, under the provisions of the act relative to the incorporation of villages, passed December 7, 1847; that the defendants are

also an incorporation created by an act of the Legislature; that at a special meeting of the electors of the village, duly notified and held, on the 27th day of September, 1848, the trustees were directed to raise by tax certain sums for specified objects, and that the final vote, in respect to raising each and every such specific sum, was taken separately; that, in pursuance of the resolution of the electors, the trustees caused a tax of $3409.56 to be assessed upon the taxable property, liable to be assessed for taxes in the village, according to the provisions of the act aforesaid, by the assessors of the village, that an assessment roll was made out in due form and delivered to the trustees, with the requisite certificate attached; and on the 14th of November, 1848, the trustees delivered the assessment roll, or tax list, to the collector, with their warrant for the collection thereof; that the collector made his return, in the manner prescribed by law, stating that he had not collected the tax assessed upon the defendants, by reason of his being unable to find the property out of which he could collect the same, within the time specified in the warrant.

I do not deem it necessary to notice in detail the numerous objections taken in the demurrer to the sufficiency of the allegations in the complaint. It is enough upon this branch of the case, to say, that I think these grounds of demurrer are not well taken. The statement of the incorporation of the plaintiffs and the defendants; the direction to levy a tax, and the proceedings to carry that direction into effect, is clearly sufficient to constitute the complaint a good pleading, within the principles of the code. The real question presented by the demurrer is, whether the trustees had legal authority to levy and collect the tax, at the time and manner they did. That the tax was ordered in the manner prescribed by the 28th section of the act relative to the incorporation of villages, is sufficiently alleged. It also sufficiently appears that the purposes for which the tax was to be levied were among those enumerated in the same section. But it is insisted, that the assessment could only be made between the first days of May and July; and inasmuch as it appears that the assessment in this case, was in fact made after that time, it is unauthorized by law, and all the proceedings upon it are, for that reason, illegal and void.

It is true, that the act from which the plaintiffs derive their authority, declares that all taxes voted to be raised in a village incorporated under its provisions, shall be assessed and collected in conformity, as far as practicable, with the provisions of law in respect to the assessment and collection of taxes by town assessors and collectors, (Session Laws, 1847,)

page 539, § 33.) By these provisions, I understand that it was intended that the village assessors are to be governed by the general laws of the state, in relation to the assessment and collection of taxes, in determining whether property is or is not taxable ; and if taxable, what is the amount, or quantity and value thereof, and to whom it is to be assessed. So, too, the collector is to take for his guide, in the discharge of his duty, the provisions of law in respect to town collectors. But there are some provisions of law, in respect to the duties of town assessors and collectors, which cannot be regarded as applicable to the same officers in village corporations. Among these is that which requires assessors, . between the first days of May and July, to ascertain by diligent inquiry the names of taxable inhabitants, and all the taxable property ; also, that which requires them to complete their assessment-roll by the first day of August, and after an opportunity for review has been had, that they deliver the assessment-roll to the supervisor by the first day of September. Instead of following these directions, village assessors are required to make out and complete their assessment, and to deliver the same to the trustees " *within sixty days after the meeting at which such tax was directed to be raised.*" (Session Laws 1847, page 547, § 59.) If the defendant's counsel is right in the construction for which he contends, it must follow that the electors of a village could not legally vote to raise a tax at any period of the year except that which would enable the assessors to perform their duty between the first days of May and July, and, at the same time, within sixty days from the time the tax was ordered. I am satisfied that no such thing was intended by the Legislature. The persons qualified by the 32d section of the act to vote upon the question, may at any time, in conformity with the provisions of the act, vote to raise the tax. Within sixty days from the time of such vote, the assessors must complete and deliver their tax list. In discharging this duty, they are to follow, as nearly as they can, the provisions of law relating to the assessment and collection of taxes in the several towns and wards of this state.

I think, therefore, that the demurrer is not well taken ; and that the motion for judgment should be granted with costs. The defendants, however, should be permitted to answer the complaint within ten days, upon payment of the costs of this motion.